[Cite as *State v. Freeman*, 2018-Ohio-866.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO             :

                     :

    Plaintiff-Appellee       :    C.A. CASE NO.  27392

                     :

v.                      :    T.C. NO. 15-CR-3063

                     :

ROBERT L. FREEMAN, JR.   :    (Criminal Appeal from

                     :     Common Pleas Court)

    Defendant-Appellant   :

                     :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 9th day of March, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Blvd., Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert L. Freeman, Jr., appeals a decision of the

Montgomery County Court of Common Pleas, Criminal Division, revoking his community

control and sentencing him to two years in prison for violating the terms of his supervision.

{¶ 2} On January 4, 2016, Freeman was charged by bill of information with one count of burglary (occupied/criminal offense), in violation of R.C. 2911.12(A)(3), a felony of the third degree. Shortly thereafter on January 11, 2016, Freeman pled guilty to the burglary charge in exchange for receiving community control sanctions with a period of local incarceration. On April 13, 2016, Freeman was sentenced to community control sanctions including a term of intensive probation supervision not to exceed five years. The trial court also ordered Freeman to serve ninety days of local jail time.

{¶ 3} Freeman began serving his ninety-day jail term on May 31, 2016. Although his release date was originally scheduled for August 28, 2016, he was actually released from the jail on or about August 24, 2016. On August 30, 2016, the trial court suspended Freeman's community control sanctions and ordered a capias for his arrest upon being informed that he was an absconder. Freeman was arrested on September 13, 2016, pursuant to an absconder warrant.

{¶ 4} On October 17, 2016, a notice of community control sanctions revocation was filed alleging two rule violations, to wit: 1) that Freeman violated Rule 1 when he was charged with violating a protection order in four separate cases and did not immediately contact his probation officer if arrested or questioned by a police officer; and 2) that Freeman violated Rule 5 when he failed to report to his probation officer upon being released from jail on or about August 24, 2016. It is undisputed that Freeman did not contact his probation officer, Michele Hoke, from the time that he was released from jail on or about August 24, 2016, through September 13, 2016, when he was arrested pursuant to the absconder capias issued by the trial court. In fact, Hoke testified that

she did not hear from or speak to Freeman until she visited him in the Montgomery County Jail on September 20, 2016. At that point, not only had Freeman been arrested and jailed for absconding, he had also been charged with violating a protection order on September 1, 2016, and September 12, 2016. The other two protection order violations occurred on September 26, 2016, and October 7, 2016, while Freeman was in jail when he illegally contacted the individual who had initially been issued the protection order.

{¶ 5} During an initial hearing held on October 24, 2016, Freeman acknowledged receipt of the notice of revocation, waived the probable cause hearing, waived the reading of the notice of revocation, entered a general denial to the alleged violations, and requested an evidentiary hearing. On November 7, 2016, Freeman, represented by counsel, appeared before the trial court for an evidentiary hearing. Initially, Freeman's counsel informed the trial court that he would be admitting to a violation of Rule 5 when he failed to report to his probation officer upon being released from jail on or about August 24, 2016. After some discussion with the trial court, Freeman stated that he was not "going to contest" that he violated Rule 5 of his community control sanctions. The trial court then found that Freeman had violated Rule 5, but it continued disposition until December 5, 2016, in order to determine the status of Freeman's misdemeanor cases and extradition to New Jersey.

{¶ 6} Nevertheless, after a continuance, the revocation hearing was held on December 12, 2016. After hearing testimony from Michele Hoke, Freeman's probation officer, and Freeman, himself, the trial court found that he had violated the terms of community control sanctions by failing to report to his probation officer after being released from jail, and for his failure to notify his probation officer of the violation of the

protection order charges. The trial court revoked Freeman's community control and sentenced him to two years in prison.

{¶ 7} It is from this judgment that Freeman now appeals.

{¶ 8} Freeman's sole assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED THE DEFENDANT'S COMMUNITY CONTROL SANCTIONS AND SENTENCED THE DEFENDANT TO TWO YEARS IN PRISON."

{¶ 10} In his sole assignment, Freeman contends that the trial court abused its discretion when it revoked his community control and sentenced him to two years in prison. Specifically, Freeman argues that the trial court erred when it found that he was an absconder for failing to report to his probation officer after being released from jail on or about August 24, 2016. Secondly, Freeman argues that the State failed to adduce any evidence that he violated the terms of his community control when he was charged with four counts of violation of a protection order and did not notify his probation officer of the charges.

{¶ 11} "The right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion. Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Internal citations omitted.) *State v. Lewis,* 2d Dist. Montgomery No. 23505, 2010–Ohio–3652, ¶ 11.

{¶ 12} A defendant is entitled to due process when his community control is

revoked as the result of a violation of a condition imposed on that control. *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The due process rights which must be observed in a community control revocation hearing are: (1) written notice of the claimed violations of community control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *See Gagnon* at 786, quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State v. Nallen,* 2d Dist. Miami No. 2012 CA 24, 2013–Ohio–3284, ¶ 18.

{¶ 13} "[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black,* 2d Dist. Montgomery No. 24005, 2011–Ohio–1273, ¶ 17. Upon revoking community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. R.C. 2929.15(B).

{¶ 14} Additionally, "[r]evocation hearings are not subject to the rules of evidence ***." *State v. Westrick,* 196 Ohio App.3d 141, 2011–Ohio–1169, 962 N.E.2d 818, ¶ 24 (3d Dist.), citing *State v. Patierno,* 3d Dist. Defiance No. 4–08–08, 2009–Ohio–410, ¶

16; Evid.R. 101(C)(3). "The rationale for the exception is that, since a * * * revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the [defendant] has violated the conditions of his [supervision]." *Columbus v. Bickel,* 77 Ohio App.3d 26, 36, 601 N.E.2d 61 (10th Dist. 1991), citing *State v. Miller,* 42 Ohio St.2d 102, 106, 326 N.E.2d 259 (1975).

**{¶ 15}** As previously discussed, the trial court found the following: 1) that Freeman violated Rule 1 when he was charged with violating a protection order in four separate cases and did not immediately contact his probation officer if arrested or questioned by a police officer; and 2) that Freeman violated Rule 5 when he failed to report to his probation officer upon being released from jail on or about August 24, 2016.

**{¶ 16}** Rule 1 of Freeman's community control sanctions states as follows:

I shall refrain from violation of any law (Federal, State, County and City). I shall get in touch immediately with my probation officer if arrested or questioned by a law enforcement officer.

**{¶ 17}** Freeman did not contact Hoke from the time that he was released from jail on or about August 24, 2016, through September 13, 2016, when he was arrested pursuant to the absconder capias issued by the trial court. Hoke testified that she did not hear from or speak to Freeman until she visited him in jail on September 20, 2016. At that point, not only had Freeman been arrested and jailed for absconding, he had also been charged with violating a protection order on September 1, 2016, and September 12, 2016. Hoke testified that she discovered the two new charges by using Justice Web. Hoke further testified that she later learned that Freeman was charged with two additional

counts of violation of a protection order on September 26, 2016, and October 7, 2016, by using Justice Web. The quantum of evidence necessary to support a trial court's revocation of probation for a misdemeanor offense is not "beyond a reasonable doubt," but merely evidence of a substantial nature showing that the probationer has breached a term or condition of probation. *State v. Bender*, 2d Dist. Champaign No. 2004 CA 11, 2005-Ohio-919, ¶ 17, citing *State v. Mingua*, 42 Ohio App.2d 35, 40, 327 N.E.2d 791 (10th Dist.1974).

{¶ 18} At the time of the revocation hearing on December 12, 2016, all four of Freeman's misdemeanor protection order violation charges were still pending. Freeman testified at the hearing. However, Freeman expressly declined to testify regarding any of the pending misdemeanor charges which formed the basis for his violation of Rule 1 of his community control sanctions. Conversely, Hoke testified that a protection order had been issued against Freeman by his ex-girlfriend, J.A.

{¶ 19} Upon review, we agree with Freeman that the record does not establish the dates that he was served with four misdemeanor complaints, nor does it establish when or if he was questioned by the police regarding the protection order violations. Simply put, the record fails to establish that Freeman had received notice of the filing of these misdemeanor complaints. However, the evidence is uncontroverted that Freeman sent a letter to J.A. on October 5, 2016, while he was in jail awaiting his revocation hearing, in contravention of the protection order.

{¶ 20} Rule 5 of Freeman's community control sanctions required that he "report at such time and place as directed by [his] Probation Officer. If [his] Probation Officer is unavailable, [he] shall report to the Officer-of-the-day, the Supervisor, the Manager or

Deputy Court Administrator."

**{¶ 21}** Hoke testified that she specifically informed Freeman when he was initially placed in jail on May 31, 2016, that he needed to report within twenty-four hours of being released. Hoke testified that she told Freeman that "if [for] any reason why you get released or if you post bond on anything, you need to report to me within [twenty-four] hours."

**{¶ 22}** In addition to Hoke's requirement that he report within twenty-four hours if released from jail, the conditions of Freeman's community control further required that he report to his probation officer on a weekly basis. Freeman testified that he was aware that he was required to report to Hoke on a weekly basis once he was released on or about August 24, 2016, but acknowledged that he did not. As previously stated, the evidence adduced at the revocation hearing established that Freeman never reported to Hoke after he was released from jail on or about August 24, 2016, in direct violation of the terms of his community control. Significantly, Freeman admitted this violation by initially entering a no contest admission to a Rule 5 violation. Thus, we find that the trial court did not abuse its discretion in revoking Freeman's community control.

**{¶ 23}** Freeman's sole assignment of error is overruled.

**{¶ 24}** Freeman's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Heather N. Jans
Marshall G. Lachman

Hon. Timothy N. O'Connell