[Cite as *State v. Pinks*, 2020-Ohio-537.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  6-19-08

    v.

BRANDON MICHAEL PINKS,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20142078

**Judgment Affirmed**

Date of Decision:  February 18, 2020

APPEARANCES:

    *Todd A. Workman* **for Appellant**

    *Jason M. Miller* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Brandon Michael Pinks ("Pinks"), appeals the July 3, 2019 judgment of the Hardin County Court of Common Pleas, journalizing the revocation of his community control sanctions and imposing an aggregate non-mandatory prison term of twenty-four months. On appeal, Pinks argues that the trial court's decision to revoke his community control was not supported by the evidence in the record.

{¶2} On April 17, 2014, the Hardin County Grand Jury returned a five-count indictment alleging that Pinks committed the offenses of Count One: Domestic Violence, in violation of R.C. 2919.25(A),(D)(3), a felony of the fourth degree; Count Two: Domestic Violence, in violation of R.C. 2919.25(A),(D)(3), a felony of the fourth degree; Count Three: Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331(B),(C)(4), a felony of the fourth degree; R.C. 2921.331 Count Four: Failure to Comply with an Order or Signal of a Police Officer, in violation of R.C. 2921.331(B),(C)(5)(a)(ii), a felony of the third degree; and Count Five: Resisting Arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Pinks appeared for arraignment and entered a plea of not guilty to the charges listed in the indictment.

{¶3} On July 31, 2014, pursuant to a negotiated plea agreement, Pinks withdrew his previously tendered not guilty plea and entered a guilty plea to Count

Two, fourth degree felony Domestic Violence, and Count Three, fourth degree felony failure to comply. In exchange for his guilty plea, the prosecution agreed to dismiss the three remaining counts in the indictment.

{¶4} On September 10, 2014, the trial court sentenced Pinks to serve a five-year term of community control. The trial court notified Pinks that if he did not abide by the terms and conditions of his community control he was subject to the imposition of a twelve-month prison term on each conviction. Pursuant to a joint sentencing recommendation of the parties, the trial court ordered that the twelve-month terms be served consecutively if imposed.

{¶5} On May 24, 2016, Pinks' community control officer filed a notice with the trial court indicating that Pinks had failed to comply with the terms and conditions of his community control. Specifically, the notice indicated that Pinks had failed to report to his supervising officer and had not made his whereabouts known since January 4, 2016. The trial court granted the community control officer's request to issue a bench warrant for Pinks' arrest.

{¶6} On April 8, 2019, the prosecution filed a Motion for Revocation of Supervision, requesting that the trial court issue an order revoking Pinks' community control. In support of the motion, the State attached the affidavit of Pinks' community control officer who stated that Pinks had failed to report to his supervising officer since January 4, 2016, and that he had been arrested on April 1,

2019 in neighboring Hancock County on new charges and was incarcerated in that county's jail. The motion was later amended to add information specifying that Pinks had been charged with Attempted Murder, Tampering with Evidence, Possession of Criminal Tools, and Grand Theft.

{¶7} On July 2, 2019, the trial court conducted a hearing on the motion to revoke Pinks' community control. The trial court heard testimony from the current community control officer assigned to Pinks' case, the previous community control officer who interacted with Pinks before he retired in February 2015, and the Detective from the Hancock County Sheriff's Office, who provided details of the new charges pending against Pinks at the time.

{¶8} After hearing the evidence, the trial court found that Pinks had violated multiple terms and conditions of his community control. The trial court revoked Pinks' community control and imposed a twelve-month prison term for each of his previous convictions to be served consecutively for an aggregate non-mandatory term of twenty-four months.

{¶9} Pinks filed this appeal asserting, the following assignment of error.

**THE FINDING OF A COMMUNITY CONTROL VIOLATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED.**

{¶10} In his sole assignment of error, Pinks maintains the trial court erred when it found that the evidence at the hearing supported finding he violated his

community control and therefore subjected him to revocation of his community control.

*Standard of Review*

{¶11} "The right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court." *State v. Freeman*, 2d Dist. Montgomery No. 27392, 2018-Ohio-866, ¶ 11. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion *Id.* An abuse of decision implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Legal Standard*

{¶12} "[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Hatcher*, 2d Dist. Clark No. 2017-CA-88, 2018-Ohio-4348, ¶ 18. "Revocation hearings are not subject to the rules of evidence ***." *State v. Westrick*, 196 Ohio App.3d 141, 2011–Ohio–1169, ¶ 24 (3d Dist.), citing *State v. Patierno*, 3d Dist. Defiance No. 4-08-08, 2009-Ohio-410, ¶ 16; Evid.R. 101(C)(3). "The rationale for the exception is that, since a * * * revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to

consider any reliable and relevant evidence to determine whether the [defendant] has violated the conditions of his [supervision]." *Columbus v. Bickel*, 77 Ohio App.3d 26, 36 (10th Dist. 1991), citing *State v. Miller*, 42 Ohio St.2d 102, 106 (1975).

*Discussion*

{¶13} The evidence adduced from the violation/revocation hearing revealed that Pinks was placed on intensive supervision in September of 2014 as part of his community control sanctions. The testimony of Terry Price, Pinks' former community control officer, indicated that Pinks maintained employment and consistently reported to him in compliance with the terms of his community control. However, Mr. Price retired in February 2015 and did not have any knowledge of Pinks' compliance after that time.

{¶14} The prosecution also presented the testimony of Victoria Defee, the community control officer currently assigned to Pinks' case. Ms. Defee explained that she was assigned to Pinks' case in April of 2018, but has never met Pinks. Ms. Defee noted that Pinks' file indicated that the last time he reported to his supervising community control officer was on January 4, 2016, and that is whereabouts have been unknown since that time, despite the fact that regular reporting and notification of change of contact information are terms and conditions of Pinks' community control. Ms. Defee acknowledged that she is the person who filed the motion to

revoke Pinks' community control. She identified a certified copy of the four-count indictment issued by the Hancock County Grand Jury in April of 2019 and charging Pinks with four felony offenses, including attempted murder, as one of the primary grounds for filing the motion.

{¶15} The last witness to testify for the prosecution in support of the motion for revocation was Detective Frederick R. Smith from the Hancock County Sheriff's Office. Det. Smith testified that he encountered Pinks in early April of 2019, when he interviewed Pinks while investigating the new charges out of Hancock County. Det. Smith identified Pinks in the courtroom at the revocation hearing as the same person under indictment in the Hancock County case. Det. Smith explained that from his investigation he learned that Pinks and another man physically assaulted two people at their home in Arlington, Ohio. Pinks admitted to Det. Smith that he used a hatchet during the attack, but claimed he acted in self-defense. The hatchet was taken from the scene and found with Mr. Pinks' property. The hatchet was also linked to Pinks through DNA testing. Det. Smith further elaborated that one of the victim's vehicle was also stolen from the crime scene.

{¶16} Based on this evidence at the hearing, the trial court found that the prosecution established that Pinks had violated his community control in the following ways: 1) by failing obey federal, state, and local laws and failing to conduct himself as a law abiding citizen; 2) by failing to report in person to his

supervising officer during the first week in each month after January 4, 2016; and 3) by failing to refrain from exercising control over weapons.

{¶17} Here, the record supports the trial court's findings that Pinks violated the terms of his community control on the three grounds mentioned by the trial court as well as the additional grounds of failing to keep his supervising officer informed of his current residence and failing to report any contact with law enforcement to his supervising officer by the next business day. (Doc. No. 32, Ex. 1). Accordingly, we conclude the record demonstrates that the trial court did not abuse its discretion in finding that Pinks violated his community control or in concluding that revocation of his community control is warranted under these circumstances.

{¶18} For all these reasons the assignment of error is overruled and the judgment of the trial court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**