[Cite as *State v. Webb*, 2021-Ohio-18.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-60 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-68 |
| | : | |
| JOSHUA EDWARD WEBB | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of January, 2021.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County
Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

BRYAN HICKS, Atty. Reg. No. 0065022, P.O. Box 359, Lebanon, Ohio 45036
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Joshua Edward Webb, appeals from the trial court's judgment which revoked the revocation of his community control sanctions (CCS) and imposed a prison term. Webb's appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no potentially meritorious appellate issues and requesting to withdraw as counsel. Based upon our independent review, we agree with counsel's assessment that there are no meritorious issues for appeal. Thus, the judgment of the Clark County Common Pleas Court will be affirmed.

## Facts and Procedural History

{¶ 2} Webb was indicted on two counts of receiving stolen property (motor vehicle), fourth degree felonies. Webb pleaded guilty to one count and the second count was dismissed. Webb was sentenced to CCS. The trial court imposed an alternate prison term of 18 months.

{¶ 3} Webb's CCS sentence imposed a number of conditions. Webb violated several of these conditions, and a CCS revocation proceeding was initiated. On October 22, 2018, Webb admitted violating four CCS conditions. Despite this, the trial court continued Webb's CCS sentence, but several new conditions were added.

{¶ 4} Thereafter, Webb continued to violate his CCS conditions. On June 7, 2019, a second CCS revocation proceeding was initiated. The revocation application asserted that Webb had failed to report to the Clark County Adult Probation Department as ordered, had to the use of illegal drugs while at McKinley Hall, had failed to complete substance abuse treatment at McKinley Hall, had failed to verify substance abuse and mental health treatment at the Rocking Horse Center, and had failed to verify his employment. A CCS

violation arraignment was conducted on June 18, 2019, at which time Webb waived a probable cause hearing but denied the alleged violations.

{¶ 5} A hearing was conducted on August 7, 2019. After the trial court explained the rights he was waiving, Webb admitted the CCS violations. The trial court then revoked his CCS and imposed the 18-month prison sentence. Webb was given credit for 336 days of jail time credit. This appeal followed.

{¶ 6} As noted, Webb's appointed counsel has filed an *Anders* brief. Webb was notified of his right to file a brief, but none has been filed.

### *Anders* Standard

{¶ 7} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

### *Anders* Analysis

{¶ 8} Webb was provided written notice of the revocation proceeding. The notice included the claimed CCS violations. At the revocation hearing, the trial court advised Webb of his right to a hearing and that the State would have the burden to prove the

violations by the preponderance of the evidence. The trial court also advised Webb that he had the right to confront and cross-examine any State witnesses and to present his own witnesses or documentary evidence. Upon being so advised, Webb admitted to the violations and, as noted, the CCS was revoked and he was sentenced to an 18-month prison term. Webb was granted 336 days of jail time credit. The Ohio Department of Rehabilitation and Correction website indicates that Webb has completed the prison term and he is not on post-release control.[1]

{¶ 9} Webb was either provided with or advised of the due process rights associated with a CCS revocation proceeding. *See State v. Freeman*, 2d Dist. Montgomery No. 27392, 2018-Ohio-866, ¶ 12, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Any claim otherwise would be without potential merit.

{¶ 10} Finally, we note that we have reviewed the entire record and this review has not revealed any potentially meritorious appellate issues.

### Conclusion

{¶ 11} Counsel is granted leave to withdraw from the case. The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

---

[1] This appeal raises a mootness concern. The appeal is not an attack upon Webb's conviction and, since the prison term has been served, Webb cannot be reinstated to CCS. As such, there is no meaningful remedy we could fashion. *See Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1971); *State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 9. But, since this is an *Anders* appeal, we performed an *Anders* analysis.

Copies sent to:

John M. Lintz
Bryan Hicks
Joshua Edward Webb
Hon. Richard J. O'Neill