[Cite as *State v. Smith*, 2018-Ohio-3875.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-573 |
| | | (C.P.C. No. 16CR-3767) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Deion M. Smith, | : | |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on September 25, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton,* for appellee.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Timothy B. Hackett*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Deion M. Smith, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of having a weapon while under disability and improper handling of a firearm in a motor vehicle. For the following reasons, we affirm in part and reverse in part.

## I. Facts and Procedural History

{¶ 2} In February 2016, a complaint was filed in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, alleging that Smith, then 17 years old, was a delinquent child for having a weapon while under disability, a violation of R.C. 2923.13(A)(2), improper handling of a firearm in a motor vehicle, a violation of R.C. 2923.16(B), and receiving stolen property, a violation of R.C. 2913.51(A). On July 6, 2016,

and based on the stipulation that Smith was not amenable to the juvenile justice system, jurisdiction of the matter was transferred to the Franklin County Court of Common Pleas, General Division. Twelve days later, an indictment was filed charging Smith with having a weapon while under disability, a violation of R.C. 2923.13 (Count 1), and improperly handling of a firearm in a motor vehicle, a violation of R.C. 2923.16 (Count 2). In March 2017, Smith pleaded guilty to Counts 1 and 2 of the indictment.

{¶ 3} At the May 2, 2017 sentencing hearing, the court indicated it was going to impose a "ship and shock" sentence, and stated that if Smith has no problems in prison, he would be transferred to the Franklin County Community Based Correctional Facility ("CBCF"). The trial court then indicated it was sentencing Smith to two years in prison as to Count 1 and six months in prison as to Count 2. The court further stated it was imposing those sentences consecutive to each other and consecutive to the two-year prison sentence it was imposing in another case. However, the trial court's judgment entry imposes sentences of three years in prison as to Count 1 and six months in prison as to Count 2, to be served consecutively to each other. The entry makes no reference to shock incarceration, the CBCF, or Smith's other criminal case.[1] The trial court certified 209 days of jail-time credit.

{¶ 4} With leave of this court, Smith has filed a delayed appeal from the trial court's judgment in case No. 16CR-3767.

## II. Assignments of Error

{¶ 5} Smith assigns the following errors for our review:

> [1.] The Franklin County Court of Common Pleas erred when it issued a journal entry that failed to accurately reflect the sentence imposed at Deion Smith's sentencing hearing, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 16 of the Ohio Constitution.

> [2.] The trial court erred when it granted Deion only 209 days of jail-time credit, in violation of his right to equal protection as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 16 of the Ohio Constitution.

---

[1] In Franklin C.P. No. 16CR-6373, which is not on appeal, the trial court's sentencing entry states the two-year prison sentence in that case is to be served consecutive to the sentence imposed in case No. 16CR-3767.

[3.] The trial court erred when it convicted Deion of having a weapon while under disability, where the disability was predicated only on a prior juvenile adjudication, in violation of *State v. Hand,* 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448; *State v. Bode,* 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156; Fourteenth Amendment to the U.S. Constitution; and, Article I, Section 16 of the Ohio Constitution.

[4.] Deion Smith was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution; and, Article I, Section 10 of the Ohio Constitution.

## III. Discussion

{¶ 6} In his first assignment of error, Smith asserts the trial court erred in issuing a journal entry that did not accurately reflect the sentence imposed at his sentencing hearing. The state concedes the error.

{¶ 7} It is axiomatic that a court speaks through its journal entries. *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 12; s*ee Scheidler v. Ohio Bur. of Workers' Comp.,* 10th Dist. No. 04AP-584, 2005-Ohio-105, ¶ 12, citing *Schenley v. Kauth,* 160 Ohio St. 109 (1953) ("It is a basic tenet that a court speaks only through its journal entry and not by oral pronouncement or mere written minute or memorandum."). Further, Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence." Consequently, a substantive discrepancy between the sentence imposed at a sentencing hearing and the sentence reflected in a sentencing entry requires a new sentencing hearing. *State v. Small,* 10th Dist. No. 14AP-659, 2015-Ohio-3640, ¶ 44; *see State v. Jordan,* 10th Dist. No. 05AP-1330, 2006-Ohio-5208, ¶ 47-49 ("[A] trial court errs when it issues a judgment entry that imposes a sentence that differs from the sentence the trial court announced at a sentencing hearing in the defendant's presence. * * * Such error requires a remand for resentencing.").

{¶ 8} Here, the trial court, at the sentencing hearing, indicated it was imposing an aggregate prison term of two years and six months for Smith's two convictions. However, the trial court's judgment entry imposed an aggregate prison term of three years and six

months for those convictions. In view of this variance, this matter must be remanded for resentencing.[2]

{¶ 9} Accordingly, we sustain Smith's first assignment of error.

{¶ 10} Smith's second assignment of error alleges the trial court did not certify the correct number of days of jail-time credit. He argues the trial court erroneously failed to award him credit for the time he spent at a juvenile detention facility in connection with the charges in this matter. Thus, he asserts he is entitled to jail-time credit for the time he spent at the juvenile detention facility, in addition to his time confined at the county jail. The state concedes the error, and the record supports Smith's position on this issue.

{¶ 11} Therefore, we sustain Smith's second assignment of error.

{¶ 12} In his third assignment of error, Smith asserts the trial court erred in convicting him of having a weapon while under disability. Smith argues this conviction violated his constitutional due process rights because it was improperly based on a prior juvenile adjudication.

{¶ 13} Smith was convicted of violating R.C. 2923.13(A)(2), which provides, in relevant part, that "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." By its plain terms, this statute requires either a prior juvenile adjudication of delinquency or a prior conviction. Smith's weapon under disability conviction was based on his prior juvenile adjudication of delinquency for his commission of a robbery. According to Smith, this was unlawful. But the Supreme Court of Ohio recently addressed the issue presented by Smith's argument. In *State v. Carnes*, ___ Ohio St.3d ___, 2018-Ohio-3256, ¶ 1, the court held that due process is not violated when a prior juvenile adjudication of delinquency is an element

---

[2] We note that Smith also asserts the sentencing entry improperly omits any reference to his possible early release from prison, even though the trial court, at the sentencing hearing, indicated he would be considered for release after a short period of "ship and shock" incarceration. Although unclear, the "ship and shock" reference appears to have been a reference to the trial court's intention to grant judicial release in the future pursuant to R.C. 2929.20(B). However, this reference was not part of Smith's actual sentence, and thus its omission from the sentencing entry does not reflect an inconsistent sentence.

of the offense of having a weapon while under disability as set forth in R.C. 2923.13(A)(2). *Id.* at ¶ 1, 21. In view of the holding in *Carnes*, we find Smith's argument that his weapon under disability conviction was unlawful because it was based on his juvenile adjudication has no merit.

{¶ 14} Accordingly, Smith's third assignment of error is overruled.

{¶ 15} Smith's fourth assignment of error alleges he was denied effective assistance of trial counsel. In order to prevail on a claim of ineffective assistance of counsel, Smith must satisfy a two-prong test. First, he must demonstrate that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This first prong requires Smith to show that his counsel committed errors which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If Smith can so demonstrate, he must then establish that he was prejudiced by the deficient performance. *Id.* To show prejudice, Smith must establish there is a reasonable probability that, but for his counsel's errors, the result of the trial would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. *Id.* at 694. In considering claims of ineffective assistance of counsel, courts indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101.

{¶ 16} Here, Smith asserts his counsel was ineffective for failing to object to his sentence because the aggregate sentence imposed in the judgment entry was greater than that indicated during the sentencing hearing, for not objecting to the trial court's jail-time credit calculation, and for not challenging his weapon under disability conviction on the basis that his prior juvenile adjudication of delinquency was an element of the offense. Regarding the jail-time credit issue and the variance between the aggregate sentence imposed in the sentencing entry and the aggregate sentence pronounced at the sentencing hearing, those issues are moot based on our disposition of Smith's first and second assignments of error. Additionally, we reject Smith's ineffective assistance argument premised on his counsel's decision not to challenge his weapon under disability conviction. Considering the Supreme Court's decision in *Carnes* and our resolution of Smith's third

assignment of error, any challenge to his conviction on this basis would have been unavailing.  Thus, Smith's trial counsel was not ineffective for not raising the issue.

{¶ 17}  For these reasons, Smith's fourth assignment of error is overruled in part and rendered moot in part.

## IV.  Disposition

{¶ 18}  Based on the foregoing, Smith's first and second assignments of error are sustained, his third assignment of error is overruled, and his fourth assignment of error is overruled in part and rendered moot in part.  The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

DORRIAN, J., concurs.
HORTON, J., concurs in judgment only.

_____