[Cite as *State v. Liddy*, 2022-Ohio-4282.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

RICHARD JAMES LIDDY,

        Defendant-Appellant.

CASE NO. 2022-A-0041

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00111

**O P I N I O N**

Decided: November 30, 2022
Judgment: Reversed and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Rachel A. Kopec*, 50 Public Square, Suite 1900, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Richard James Liddy ("Mr. Liddy"), appeals the judgment of the Ashtabula County Court of Common Pleas sentencing him to 18 months in prison to be served consecutively to a prison term imposed in a separate case.

{¶2}    Mr. Liddy asserts two assignments of error, contending that the trial court erred (1) by ordering him to serve his prison sentence consecutively without making the necessary findings pursuant to R.C. 2929.14(C)(4) and (2) by failing to state in the sentencing entry that it granted him 425 days of jail-time credit.

{¶3}   Appellee, the state of Ohio ("the state"), counters that the trial court was not required to make the statutory findings because a consecutive sentence was mandatory as a result of Mr. Liddy's guilty plea to attempted failure to comply.  It concedes error with respect to jail-time credit and requests remand for the issuance of a nunc pro tunc entry.

{¶4}   After a careful review of the record and pertinent law, we find as follows:

{¶5}   (1) The trial court's imposition of a purported "mandatory" consecutive sentence is clearly and convincingly contrary to law.  Based on the plain language of the applicable statutes, a consecutive prison term was not mandatory for Mr. Liddy's conviction for *attempted* failure to comply.

{¶6}   (2) The trial court erred by issuing a sentencing entry containing a substantive difference regarding jail-time credit from that pronounced in Mr. Liddy's presence.

{¶7}   Thus, we reverse the judgment of the Ashtabula County Court of Common Pleas and remand for resentencing with respect to consecutive sentences and jail-time credit.

## Substantive and Procedural History

{¶8}   In March 2021, the Ashtabula County Grand Jury indicted Mr. Liddy for failure to comply with an order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331(B), 2921.331(C)(5)(a)(ii), and 2921.331(E).  The state alleged that Mr. Liddy "operate[d] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop."  It further alleged that Mr. Liddy's "operation of the motor vehicle * * * caused a substantial risk of serious physical harm to persons or property," which elevated the

2

charged offense from a first-degree misdemeanor, and that he was previously convicted of or pleaded guilty to a third-degree felony violation of R.C. 2921.331(B) in Lake County, which would mandate the imposition of a class-one driver's license suspension.

{¶9} Mr. Liddy initially pleaded not guilty. He subsequently withdrew his not guilty plea and entered written and oral pleas of guilty to attempted failure to comply, a fourth-degree felony, in violation of R.C. 2921.331(B), 2921.331(C)(5)(a)(ii), 2921.331(E), and 2923.02(A).

{¶10} The trial court held a change of plea hearing where it engaged in a colloquy with Mr. Liddy pursuant to Crim.R. 11, accepted his guilty plea, and found him guilty. The trial court ordered a pre-sentence investigation and deferred sentencing until the resolution of a separate case pending before a different judge (case no. 2018 CR 00443).

{¶11} On April 25, 2022, Mr. Liddy was sentenced in the separate case to a prison term of five years. Later that day, the trial court held a sentencing hearing in the underlying matter. After reviewing the aggravating and mitigating factors, the trial court imposed an 18-month prison sentence to be served consecutively to the prison term in the separate case.

{¶12} The trial court inquired of the state whether the offense of *attempted* failure to comply was subject to the revised code's mandatory consecutive sentencing provisions. The court then commented, "Not that it's gonna make a difference in my decision, because the facts of this case are so egregious that he's going to get an eighteen month sentence regardless. But had it been a straight failure to comply, that is a mandatory consecutive sentence that must be imposed." The state informed the trial court that a consecutive sentence was mandatory.

3

{¶13} The trial court reiterated Mr. Liddy's consecutive 18-month prison term, imposed a three-year license suspension based on "the unique circumstances of this case," and granted him 425 days of jail-time credit. Prior to adjourning, the trial court remarked as follows:

{¶14} "Mr. Liddy, you've done nothing in your life thus far to give anyone an indication you intend to turn things around. You're going to be confined for an extended time period. There are some programs and some educational opportunities for you available in the state prison sentence [sic]. If you don't turn your life around, sir, then you're just gonna continue coming back to court and going back to prison. You're reaching the point where the only safe thing that can be done with you to protect the public and to punish you for your conduct is to warehouse you in the state prison as long as we can possibly do it, until you demonstrate something to the contrary."

{¶15} The trial court subsequently filed a judgment entry memorializing Mr. Liddy's sentence. The entry does not contain any consecutive sentence findings pursuant to R.C. 2929.14(C)(4). In addition, the entry states that Mr. Liddy is not entitled to jail-time credit for his pre-sentence incarceration because he received credit in the separate case "for the entire time he was incarcerated."

{¶16} Mr. Liddy appealed and asserts the following two assignments of error:

{¶17} "[1.] The Trial Court erred in Sentencing Appellant to a Consecutive Sentence.

{¶18} "[2.] The record does not support the Journal Entry."

4

**Standard of Review**

{¶19} The standard of review for an appeal of a felony sentence is governed by R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. That provision states:

{¶20} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶21} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶22} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶23} "(b) That the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

{¶24} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

5

Case No. 2022-A-0041

## Consecutive Sentences

{¶25} In his first assignment of error, Mr. Liddy contends that the trial court erred by ordering him to serve his prison sentence consecutively without making the necessary findings pursuant to R.C. 2929.14(C)(4).

### *Statutory Findings*

{¶26} R.C. 2929.41 creates a statutory presumption in favor of concurrent sentences. *State v. Fowler*, 11th Dist. Portage No. 2017-P-0046, 2018-Ohio-3110, ¶ 9. R.C. 2929.41(A) provides, in pertinent part, that *"[e]xcept as provided in * * * division (C) of section 2929.14,* * * * a prison term * * * or sentence of imprisonment shall be served concurrently with any other prison term * * * or sentence of imprisonment imposed by a court of this state * * *."* (Emphasis added.)

{¶27} Under R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) "that consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) that one of the circumstances described in subdivision (a) to (c) is present. The latter circumstances are: "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense"; "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison

6

term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct"; or "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."  R.C. 2929.14(C)(4)(a)-(c).

{¶28}  The Supreme Court of Ohio has held that "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *."  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.  The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."  *Id.*  Otherwise, "the imposition of consecutive sentences * * * is contrary to law."  *Id.*

{¶29}  Here, the trial court did not explicitly reference R.C. 2929.14(C)(4) during the sentencing hearing.  In its closing remarks, the trial court addressed Mr. Liddy's extensive criminal history and the need to protect the public, which implicates the first and third statutory findings.  However, the trial court did not address the second statutory finding, i.e., proportionality, nor did the trial court incorporate any consecutive sentence findings into the sentencing entry.  Thus, the trial court did not comply with R.C. 2929.14(C)(4).

{¶30}  The foregoing analysis does not end our inquiry.  The state contends that the trial court was not required to make the statutory findings because a consecutive sentence was mandatory as a result of Mr. Liddy's guilty plea to attempted failure to comply.

7

### Failure To Comply

{¶31} Failure to comply is governed by R.C. 2921.331. R.C. 2921.331(B) provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." "Whoever violates this section is guilty of failure to comply with an order or signal of a police officer." R.C. 2921.331(C)(1).

{¶32} "Except as provided in divisions (C)(4) and (5) of this section, a violation of division (B) of this section is a misdemeanor of the first degree." R.C. 2921.331(C)(3). "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5)(a)(ii).

{¶33} "If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered," all of the factors set forth in (i) through (ix). R.C. 2921.331(C)(5)(b).

{¶34} Most relevant here, R.C. 2921.331(D) provides that "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender *shall serve* the prison term *consecutively* to any other prison term or mandatory prison term imposed upon the offender." (Emphasis added.) This requirement is reiterated in

8

R.C. 2929.14(C)(3), which provides, "If a prison term is imposed for * * * a felony violation of division (B) of section 2921.331 of the Revised Code, the offender *shall serve* that prison term *consecutively* to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." (Emphasis added.)

{¶35} This court has consistently held that "[w]hen R.C. 2921.331(D) is applicable in a given case, the trial court is not obligated to make factual findings under R.C. 2929.14(C)(4) prior to imposing consecutive prison terms" because the imposition of a consecutive prison term is mandatory. *State v. Lough*, 11th Dist. Trumbull No. 2015-T-0093, 2016-Ohio-3513, ¶ 24; *accord State v. Feathers*, 11th Dist. Portage Nos. 2020-P-0070 et seq., 2021-Ohio-2881, ¶ 18; *see also State v. Wright*, 11th Dist. Lake No. 2006-L-017, 2006-Ohio-3435, ¶ 20, fn. 2.

{¶36} If Mr. Liddy had been convicted of failure to comply in violation of R.C. 2921.331(B) and 2921.331(C)(5)(a)(ii), the trial court would have been required to impose a consecutive prison term. However, Mr. Liddy was convicted of *attempted* failure to comply in violation of R.C. 2921.331(B), 2921.331(C)(5)(a)(ii), and R.C. 2923.02(A).

### *Attempted Failure To Comply*

{¶37} Attempt is governed by R.C. 2923.02. R.C. 2923.02(A) provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." "Whoever violates this section is guilty of an attempt to commit an offense." R.C. 2923.02(E)(1). Thus, the dispositive issue is whether a consecutive prison term was mandatory for Mr. Liddy's conviction for *attempted* failure to comply.

9

Case No. 2022-A-0041

{¶38} The Eighth District Court of Appeals addressed this issue in *State v. Garner*, 8th Dist. Cuyahoga Nos. 97948 and 97949, 2012-Ohio-3262, and held that a consecutive prison term is *not* mandatory following a conviction for *attempted* felony failure to comply. *See id.* at ¶ 18. In that case, the defendant was indicted for failure to comply, a third-degree felony, in violation of R.C. 2921.331(B) and 2921.331(C)(5)(a)(ii). *Id.* at ¶ 2. He subsequently pleaded guilty to attempted failure to comply, a fourth-degree felony, in violation of R.C. 2923.02, 2921.331(B), and 2921.331(C)(5)(a)(ii). *Id.* After violating his community-control sanctions, the trial court sentenced the defendant to six months in prison, which it ran consecutively to a sentence imposed in another case. *Id.* at ¶ 6. The trial court determined that R.C. 2921.331 mandated consecutive sentences. *See id.* at ¶ 1, ¶ 7-8.

{¶39} On appeal, the defendant contended that the trial court erred in concluding that consecutive sentences were required. *Id.* at ¶ 7-8. He argued that because he was convicted of *attempted* felony failure to comply, the general sentencing statute, i.e., R.C. 2929.14(A)(4), controlled the trial court's sentencing options rather than R.C. 2921.331(D). *Id.* at ¶ 8.

{¶40} In considering the defendant's argument, the Eighth District discussed the Supreme Court of Ohio's decision in *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37. In *Taylor*, the defendant pleaded guilty to, among other offenses, attempted possession of crack cocaine in an amount greater than 25 grams but less than 100 grams, a second-degree felony. *Id.* at ¶ 2. The trial court sentenced the defendant to prison. *Id.* On appeal, the defendant argued that his guilty plea was not voluntarily and knowingly made because the trial court informed him that he would be eligible for

10

judicial release when in actuality he was subject to a mandatory prison term. *Id.* at ¶ 3. According to the defendant, an attempted drug offense is charged and sentenced under R.C. 2925.11, a drug-offense statute. *Id.* at ¶ 4. R.C. 2925.01(G)(4) defines a "drug-abuse offense" as including "[a] conspiracy to commit, attempt to commit, or complicity in committing or attempting to commit any offense under division (G)(1), (2), or (3) of this section." *Taylor* at ¶ 11. Among those offenses are attempts to violate R.C. 2925.11. *Id.* Because an attempted drug offense is included in the definition of drug offenses, the sentencing determination should be based on the drug offenses portion of the criminal code rather than the attempt portion of the criminal code. *Id.* R.C. 2925.11(C)(4)(d) required a "mandatory prison term," which would exclude him from judicial release. *Id.*

**{¶41}** The state argued that the defendant was properly convicted and sentenced under R.C. 2923.02, the attempt statute, and that the trial court properly accepted his plea without informing him of the mandatory sentencing requirements applicable only to drug offenses. *Id.* at ¶ 4.

**{¶42}** The Supreme Court agreed with the defendant's position, holding that "an attempted possession of illegal drugs is a drug-abuse offense, and an individual convicted of an attempted drug-abuse offense is subject to the mandatory sentencing provisions of R.C. 2925.11." *Id.* at ¶ 17. The court reasoned as follows:

**{¶43}** "'It is a well settled rule of statutory construction that where a statute couched in general terms conflicts with a specific statute on the same subject, the latter must control.' *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45, 48, 59 O.O. 65, 133 N.E.2d 780; *see also Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 519, 634 N.E.2d 608.

11

Case No. 2022-A-0041

**{¶44}** "R.C. 2923.02, the attempt statute, is the general statute. It describes the elements of an attempt to commit a crime—any crime—and generally describes how an attempt is to be punished in comparison to a completed crime of the same import.

**{¶45}** "R.C. 2925.11 is a specific drug-offense statute. It describes the elements of a drug-possession offense and, unlike most statutes in the criminal code, prescribes specific punishments, including mandatory sentences, for subcategories of crimes depending on the type and amount of illegal substance upon which a criminal charge could be made. Thus, R.C. 2925.11 is a specific statute that controls over the general statute, and [the defendant] was subject to the more specific mandatory-sentencing requirements of R.C. 2925.11." *Id.* at ¶ 12-14.

**{¶46}** The Supreme Court further explained that "an attempted possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into the possession offense." *Id.* at ¶ 16.

**{¶47}** The Eighth District determined that *Taylor* was distinguishable. *Garner* at ¶ 17. The court explained that "R.C. 2921.331 delineates the felony level and, in some instances, additional penalties for defendants who violate R.C. 2921.331(C)(4) or (5). However, unlike the statute governing 'drug abuse offenses,' the crime of 'attempted failure to comply' is not one of the crimes delineated in R.C 2921.331. In fact, unlike the crime of 'attempted drug possession,' * * * R.C. 2921.331 does not include the word 'attempt' in any of its provisions or definitions." *Id.* Thus, the Eighth District found "no basis to conclude that the legislature intended 'attempted failure to comply' to be a crime incorporated in R.C. 2921.331." *Id.*; *see also State v. Wilson*, 1st Dist. Hamilton No. C-

090436, 2010-Ohio-2767, ¶ 7 (finding no basis to conclude the legislature intended "attempted failure to register" to be a crime incorporated in R.C. 2950.99).

**{¶48}** The court also explained that pursuant to R.C. 2901.04(A), "any ambiguities in R.C. 2921.331 and 2923.02 must be interpreted in appellant's favor." *Garner* at ¶ 18. R.C. 2901.04(A) provides, in relevant part, that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

**{¶49}** Finally, the court cited the Legislative Service Commission comments to R.C. 2923.02, which state, "This section is a general attempt statute which consolidates several specific attempt provisions in former law, and, *with three exceptions, establishes an attempt to commit any offense as an offense in itself*. The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt—in these cases, attempt is not an offense." (Emphasis added.) 1973 Comments to R.C. 2923.02; *see Garner* at ¶ 18, fn. 1.

**{¶50}** The Eighth District held that the trial court erred in determining it was mandated to impose a consecutive prison term pursuant to R.C. 2921.331(D). *Garner* at ¶ 18. Because the trial court should have applied the revised code's general sentencing provisions, it held that the appellant's sentence was contrary to law. *Id.* at ¶ 19. The Eighth District subsequently reaffirmed this holding in *State v. Houston*, 8th Dist. Cuyahoga Nos. 106470 and 106055, 2018-Ohio-3043, ¶ 37-39.

**{¶51}** The Sixth District adopted *Garner*'s analysis in the context of a purported "mandatory" driver's license suspension. *See State v. Heidelberg*, 2019-Ohio-2257, 138

13

Case No. 2022-A-0041

N.E.3d 537 (6th Dist.). In that case, the defendant pleaded guilty to attempted failure to comply in violation of R.C. 2921.331(C)(4) and 2923.02(A). *Id.* at ¶ 3. The trial court sentenced the defendant under R.C. 2921.331(E), which required the imposition of a class-two driver's license suspension. *Id.* at ¶ 6. A class-two driver's license suspension is a suspension for a definite period of three years to life. *See* R.C. 4510.02(A)(2).

**{¶52}** On appeal, the defendant argued that he should not have been sentenced under R.C. 2921.331(E); rather, he should have been sentenced under the general sentencing statute—R.C. 2929.14—which does not provide for a driver's license suspension. *Heidelberg* at ¶ 6.

**{¶53}** Applying *Garner*, the Sixth District determined that "the legislature did not incorporate attempted failure to comply * * * into R.C. 2921.331." *Id.* at ¶ 21. Rather, "[a]ttempted failure to comply * * * is * * * a separate offense that is subject to the general sentencing provisions set forth in R.C. 2929.14," which does "*not* authorize a driver's license suspension." (Emphasis sic.) *Id.* Thus, the Sixth District concluded that the driver's license suspension was contrary to law. *Id.*

### *Analysis*

**{¶54}** Based on our review of the relevant authority, we conclude that a consecutive prison term was not mandatory for Mr. Liddy's conviction for attempted failure to comply in violation of R.C. 2921.331(B), 2921.331(C)(5)(a)(ii), and 2923.02(A).

**{¶55}** "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). "In determining legislative intent, the court first looks to the language in the statute and the legislature's purpose." *Id.* "Words used in a statute must be taken

14

in their usual, normal or customary meaning." *Id.* "An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language, and a court cannot simply ignore or add words." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52.

**{¶56}** Failure to comply under R.C. 2921.331(B) occurs when one "operate[s] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." There is no language in R.C. 2921.331 indicating that an *attempt* to commit failure to comply constitutes an offense. Therefore, Mr. Liddy's attempt offense constituted a separate offense. *See* R.C. 2923.02(E)(1).

**{¶57}** Attempt constitutes "an offense of the next lesser degree than the offense attempted." R.C. 2923.02(E)(1). In other words, "for punishment purposes, the degree of *the attempt* depends upon the degree of the principal offense." (Emphasis added.) Katz, Martin & Macke, *Baldwin's Ohio Practice, Criminal Law*, Section 93:1 (3d Ed.Oct.2021). Failure to comply under R.C. 2921.331(B) is a third-degree felony if either circumstance in R.C. 2921.331(C)(5)(a)(i) or (ii) applies. In entering his guilty plea, Mr. Liddy agreed that the circumstances in R.C. 2921.331(C)(5)(a)(ii) applied. Therefore, Mr. Liddy's attempt offense constituted a fourth-degree felony.

**{¶58}** The trial court sentenced Mr. Liddy to an 18-month prison term for his attempt offense. R.C. 2921.331(D) requires a prison term to be served consecutively "[i]f an offender is sentenced pursuant to [R.C. 2921.331(C)(4) or (5)] *for a violation of [R.C. 2921.331(B)]* * * *." (Emphasis added.) Similarly, R.C. 2929.14(C)(3) requires a prison term to be served consecutively "[i]f a prison term is imposed for * * * *a felony violation of*

15

*[R.C. 2921.331(B)]* * * *." (Emphasis added.). Here, Mr. Liddy's 18-month prison term was imposed for an *attempted* felony violation of R.C. 2921.331(B). Pursuant to the plain meaning of the statutory language, R.C. 2921.331(D) and 2929.14(C)(3) were not applicable. Thus, a consecutive prison term was not mandatory. Since the trial court did not make statutory findings pursuant to R.C. 2929.14(C)(4), the trial court's imposition of a consecutive sentence is clearly and convincingly contrary to law.

{¶59} Mr. Liddy's first assignment of error has merit and is sustained.

### Jail-Time Credit

{¶60} In his second assignment of error, Mr. Liddy contends that the trial court erred by failing to state in the sentencing entry that it granted him 425 days of jail-time credit. He requests a remand for the issuance of a nunc pro tunc entry. The state concedes error.

{¶61} We agree that the record reflects a discrepancy regarding the amount of jail-time credit to which Mr. Liddy was entitled. However, we disagree that it may be remedied via a nunc pro tunc entry.

{¶62} R.C. 2929.19 specifies the duties that a trial court must perform when sentencing a defendant for a felony, including the calculation of jail-time credit. *State v. Myers*, 11th Dist. Trumbull No. 2020-T-0006, 2021-Ohio-475, ¶ 48. R.C. 2929.19(B)(2)(g)(i) provides, in pertinent part:

{¶63} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following: * * * *Determine, notify the offender of, and include in the sentencing entry* the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined

16

Case No. 2022-A-0041

for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * * under [R.C. 2967.191]." (Emphasis added.)

{¶64} It is axiomatic that a court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12; *see Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953) ("The rule is well established in this state that a court of record speaks only through its journal and not by oral pronouncement or a mere minute or memorandum"). Further, Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence * * *."

{¶65} "[W]here a clerical or mathematical error exists in a sentencing entry, a nunc pro tunc entry may be properly used to correct the sentencing entry to reflect the sentence the trial court actually imposed upon the defendant at the sentencing hearing." *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 16; *see* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). However, a *substantive* discrepancy between the sentence imposed at the hearing and the sentence reflected in the entry constitutes reversible error that requires a new sentencing hearing. *See, e.g., State v. Kovach*, 7th Dist. Mahoning No. 08-MA-125, 2009-Ohio-2892, ¶ 28; *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 10; *State v. Smith*, 10th Dist. Franklin No. 17AP-573, 2018-Ohio-3875, ¶ 7; *State v. McCoy*, 12th Dist. Butler No. CA2020-12-127, 2022-Ohio-995, ¶ 11.

17

Case No. 2022-A-0041

{¶66} At the sentencing hearing, the trial court stated that Mr. Liddy was entitled to 425 days of jail-time credit. However, the trial court's sentencing entry states that Mr. Liddy is not entitled to jail-time credit for his pre-sentence incarceration because "he received credit in Case No. 2018 CR 443 for the entire time he was incarcerated." This discrepancy reflects a substantive change rather than a clerical mistake. As such, a new sentencing hearing is required.

{¶67} Mr. Liddy's second assignment of error has merit and is sustained.

{¶68} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is reversed, and this matter is remanded for resentencing with respect to consecutive sentences and jail-time credit.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2022-A-0041