[Cite as *State v. Watson*, 2024-Ohio-504.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- vs -

MICHAEL A. WATSON a.k.a.
MICHEAL A. WATSON,

       Defendant-Appellant.

CASE NOS. 2023-P-0056
           2023-P-0057

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2022 CR 00471
               2023 CR 00456

## O P I N I O N

Decided: February 12, 2024
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Eric R. Fink*, 11 River Street, Kent, OH 44240 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}    Appellant, Michael A. Watson, appeals his sentence for domestic violence and the revocation of community control sanctions from the Portage County Court of Common Pleas. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating there are no meritorious issues for appeal and thus, these matters are wholly frivolous. After independent review of the record, we agree with appellate counsel. The judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.

{¶2} On April 28, 2022, the Portage County grand jury indicted appellant on one count of domestic violence, a third-degree felony, in violation of R.C. 2919.25(A), in Case No. 2022 CR 471. Appellant entered a not guilty plea at arraignment and bond was set at $20,000 cash or surety, with the condition that appellant have no contact with the victim.[1] The trial court also granted a temporary protection order.

{¶3} On August 5, 2022, pursuant to a plea agreement, appellant entered a plea of guilty to an amended indictment of domestic violence, a fourth-degree felony. At the plea hearing, the court advised appellant of the rights he waives by pleading guilty. The court advised appellant of his right to a jury trial, the State's burden of proof, his right to cross-examine and confront witnesses, to call his own witnesses, to testify on his own behalf as well as his limited appellate rights. Appellant was asked if he understood the rights as explained by the trial court and he replied affirmatively. These rights were also detailed in the written plea of guilty signed by appellant and his counsel. The trial court concluded that appellant knowingly and voluntarily waived his rights and accepted his guilty plea. The trial court ordered a pre-sentence investigation and reinstated bond. The trial court lifted the temporary protection order at the victim's request.

{¶4} Sentencing was held on October 11, 2022. At sentencing, the victim requested that the temporary protection order be reinstated. Due to appellant's placement at Oriana House, a term and condition of probation in a separate and unrelated case, the

---

1. The transcripts from the arraignment indicate the trial court imposed a cash or surety bond, however, according to the docket, there were two separate bond filings, the second of which, indicate a $20,000 personal recognizance bond was ordered.

2

Case Nos. 2023-P-0056 and 2023-P-0057

trial court placed appellant on community control for three years with conditions.[2] The trial court further issued a no contact order as a condition of appellant's community control.

{¶5} On December 14, 2022, a Motion to Revoke and Capias Request was filed in the 2022 case. A capias was issued for appellant's arrest the same day.

{¶6} On April 27, 2023, the Portage County Grand Jury returned a two-count indictment charging appellant with domestic violence, a third-degree felony, in violation of R.C. 2919.25(A), and violation of a protection order, a third-degree felony, in violation of R.C. 2919.27. This case involved the same victim as the 2022 case. Appellant entered a not guilty plea at arraignment and bond was set at $50,000, 10% cash or surety. The trial court once again issued a no contact order as a condition of bond.

{¶7} On June 5, 2023, pursuant to a plea agreement, appellant entered a guilty plea to domestic violence, a third-degree felony, as charged in the indictment. The State dismissed the remaining count.

{¶8} At the plea hearing, the court advised appellant of the rights he waived by pleading guilty. The court advised appellant of his right to a jury trial, the State's burden of proof, his right to cross-examine and confront witnesses, to call his own witnesses, and to testify on his own behalf. Appellant was asked if he understood the rights as explained by the trial court and he replied affirmatively.[3] These rights were also detailed in the written plea of guilty signed by appellant and his counsel. The trial court concluded that appellant knowingly and voluntarily waived his rights and accepted his guilty plea. The

2. At the sentencing hearing, the trial court indicated that appellant would be sentenced to community control and also imposed a prison term of 6-18 months which the trial court suspended. The sentencing entry does not reflect this. The trial court reiterated the suspended sentence, however, at the revocation hearing.
3. At the July 17, 2023 sentencing hearing, appellant claimed he could not read or write.

3

Case Nos. 2023-P-0056 and 2023-P-0057

trial court ordered a pre-sentence investigation and assessments for NEOCAP and Root House. The court further indicated that the motion to revoke community control, pending in the 2022 case, would be addressed at sentencing.

{¶9} A sentencing hearing was held on the 2023 domestic violence conviction as well as the community control violation in the 2022 case on July 17, 2023. The trial court sentenced appellant to 24 months on the 2023 case, and 18 months on the community control violation in the 2022 case. The court ordered the sentences to be served consecutively to each other for an aggregate prison term of 42 months.

{¶10} Appellant timely appeals. On October 17, 2023, counsel filed appellant's brief pursuant to *Anders*, *supra*, asserting that no meritorious issues upon which to base an appeal exist after a thorough review of the record. Appellate counsel requested to withdraw and set forth the following potential assignments of error:

> [1]. "In either or both the 2022 or 2023 case, the defendant-appellant's plea was not knowingly, intelligently, or voluntarily entered into and is therefore contrary to law."
>
> [2]. "The trial court's imposition of consecutive sentences is contrary to law."
>
> [3]. "The trial court violated Mr. Watson's due process rights when it revoked Mr. Watson's probation without obtaining a waiver from Mr. Watson or conducting an evidentiary hearing."

{¶11} The Supreme Court of the United States has held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Anders* at 744. Counsel's request to withdraw must also include a brief which cites anything in the record that could arguably support the appeal. *Id.* Counsel is required to provide his or her client

4

with a copy of the brief and his or her request to withdraw and give the client an opportunity to raise any other issues. *Id.* When these conditions have been met, the appellate court will review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id. Accord State v. Pal,* 11th Dist. Ashtabula No. 2021-A-0007, 2021-Ohio-3706, ¶ 14.

{¶12} On November 17, 2023, this Court granted appellant thirty (30) days "to file his own submission, if he so chooses, which raises any arguments in support of the appeals." This Court held counsel's request to withdraw in abeyance. Appellant has not filed any further brief or memorandum in support of his appeal. As there is no requirement to respond, the State did not file an brief. Accordingly, we proceed to conduct an independent review of the record pursuant to *Anders.*

{¶13} In his first potential assignment of error, appellate counsel argues that "defendant-appellant's plea was not knowingly, intelligently, or voluntarily entered into and is therefore contrary to law."

{¶14} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Fedyszyn,* 11th Dist. Portage No. 2023-P-0035, 2023-Ohio-4267, ¶ 10, quoting *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11 outlines the procedure a trial court must follow before accepting guilty pleas. *State v. Barker,* 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9.

5

{¶15} Crim.R. 11(C)(2) provides, in relevant part:

In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶16} A review of the plea hearing transcripts demonstrates that the trial court engaged in a plea colloquy with appellant in both cases and fully complied with Crim.R. 11(C)(2). Appellant's pleas were knowingly, voluntarily, and intelligently made. We find no meritorious claims as to the pleas. The potential assignment of error is without merit.

{¶16} In his second potential assignment of error, appellate counsel argues that "the imposition of consecutive sentences was contrary to law."

{¶17} The trial court sentenced appellant to 24 months on the 2023 case and upon revoking his community control, the court imposed an 18-month sentence in the 2022 case. The court ordered the sentences to be served consecutively to each other for an aggregate prison term of 42 months.

6

Case Nos. 2023-P-0056 and 2023-P-0057

{¶18} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). The appellate court "may vacate the sentence and remand the matter to the sentencing court for resentencing[,] * * * if it clearly and convincingly finds * * * the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b).

{¶19} There is a statutory presumption in favor of concurrent sentences. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

7

{¶20} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Additionally, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. In other words, "'if the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]"'" *State v. Haynes*, 11th Dist. Lake No. 2022-L-009, 2022-Ohio-4464, ¶ 48, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.), quoting R.C. 2953.08(G)(2)(a). *See State v. Passalacqua*, 11th Dist. Lake No. 2023-L-013, 2023-Ohio-3525, ¶ 28.

{¶21} During the sentencing hearing, the trial court stated:

> * * * You have numerous domestic violence charges, a number of convictions, along with certainly other violent offenses. So, I am going to find that you are not amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of sentencing. * * * I'm finding that consecutive sentences are necessary to protect the public from future crime, to punish you, and are not disproportionate to the seriousness of your conduct. I am specifically finding that this offense was committed while you were on community control and that qualifies for consecutive sentencing.

{¶22} These findings were incorporated in the sentencing entry. Therefore, the trial court's imposition of consecutive sentences complies with R.C. 2929.14(C)(4). Accordingly, appellant's second potential assignment of error is without merit.

8

Case Nos. 2023-P-0056 and 2023-P-0057

{¶23} In his third and final potential assignment of error, appellate counsel asserts that "[t]he trial court violated [appellant]'s due process rights when it revoked [appellant]'s probation without obtaining a waiver from [appellant] or conducting an evidentiary hearing."

{¶24} This Court discussed in *State v. Wright*, 11th Dist. Ashtabula No. 2021-A-0029, 2022-Ohio-2100, ¶ 14:

> '[A] revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation.' *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶17. Crim.R. 32.3, which governs revocation of community control, provides that the trial court 'shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.'

{¶25} "Community control violation proceedings are not equivalent to criminal prosecutions." *Black, supra,* at ¶ 12. "Nevertheless, a defendant is entitled to certain due process protections before a court may revoke community-control sanctions." *Wright* at ¶ 15.

{¶26} "First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control." (Citations omitted). *Id.* "Second, due process requires a final hearing to determine whether community control should be revoked." *Id.*

{¶27} Appellate counsel alleges that "neither [appellant] nor his [trial] counsel ever specifically waived [appellant]'s right to [a full] hearing." In other words, appellant argues that the second prong was not met.

Case Nos. 2023-P-0056 and 2023-P-0057

{¶28} At the plea hearing, the trial court, after accepting appellant's plea in the 2023 case, stated: "* * * Did we address the -- we didn't address the Motion to Revoke yet. We can do that at sentencing if you want." Appellant's counsel replied, "Yes, Judge. Thank you." However, in its June 7, 2023 entry, the trial court noted that a hearing on the motion to modify sanctions was held, and the trial court determined that appellant violated the terms of his community control sanctions imposed in the 2022 case. The court set the matter for sentencing with the 2023 case.

{¶29} It is well established that a court speaks through its journal entries. *State v. Liddy*, 2022-Ohio-4282, 202 N.E.3d 172, ¶ 64 (11th Dist.), citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12, *Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953). Here, the trial court noted that a hearing occurred wherein the trial court determined that appellant violated the terms of community control.

{¶30} As such, the record does not support a due process violation. Appellant entered a guilty plea to domestic violence, an offense committed while on community control sanctions. This admission is a violation of the terms of the community control sanctions imposed by the trial court in the 2022 case. Appellant's third assignment of error is without merit.

{¶31} After an independent and thorough review of the record, we find that there are no arguable issues requiring the appointment of new appellate counsel.

{¶32} For the foregoing reasons, appellant's instant appeals are wholly frivolous. The judgment of the Portage County Court of Common Pleas is affirmed. It is further ordered that the motion to withdraw as counsel for appellant filed by Attorney Eric R. Fink is hereby granted.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.