[Cite as *State v. Hupp*, 2025-Ohio-2698.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Robert G. Montgomery, J. |
| | : | | Hon. Kevin W. Popham, J. |
| -vs- | : | | |
| | : | | |
| MATTHEW D. HUPP, | : | | Case No. 24CA000036 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Guernsey County
Court of Common Pleas, Case No.
24 CR 086

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     July 30, 2025

APPEARANCES:

For Plaintiff-Appellee

MARK A. PERLAKY
Assistant Guernsey County
Prosecuting Attorney
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

MICHAEL GROH
1938 E. Wheeling Avenue
Cambridge, Ohio 43725

*Baldwin, P.J.*

{¶1} The appellant, Matthew D. Hupp, appeals the November 1, 2024, sentence of the Court of Common Pleas of Guernsey County, Ohio. The appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On May 14, 2024, the appellant was indicted for three counts of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(C)(1)(c), one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(C)(1)(b), one count of Tampering with Evidence in violation of R.C. 2921.12(A)(1), and one count of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(C)(1)(a).

{¶3} On May 30, 2024, the appellant entered a plea of not guilty to the indictment.

{¶4} On September 4, 2024, the appellant changed his plea to guilty to two counts of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(C)(1)(c), one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(C)(1)(b), and one count of Tampering with Evidence in violation of R.C. 2921.12(A)(1).

{¶5} On October 28, 2024, the appellant was sentenced to twenty-four months in prison on one of the counts of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(C)(1)(c) and twelve months in prison on each of the remaining counts to be served consecutively. The trial court stated the appellant's aggregate sentence was seventy-two months in prison.

{¶6} On November 1, 2024, the trial court held a hearing to correct the sentence. The appellant's counsel and the State's counsel were present. The appellant appeared remotely from the county jail. The trial court indicated that it inadvertently stated at the

sentencing hearing that one of the counts of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(C)(1)(c) had a twelve-month sentence instead of the intended twenty-four-month sentence. The correction did not change the appellant's aggregate sentence of seventy-two months.

{¶7} The appellant filed a timely notice of appeal and raises the sole assignment of error:

{¶8} "I. THE TRIAL COURT ERRED IN HAVING A SECOND SENTENCE HEARING THAT WAS NOT A DE NOVO HEARING."

## I.

{¶9} In the appellant's sole assignment of error, the appellant argues that the trial court erred by not holding a second de novo sentencing hearing after inadvertently stating the wrong sentence at the initial sentencing hearing. We disagree.

### STANDARD OF REVIEW

{¶10} "It is axiomatic that a court speaks through its journal entries." *State v. Smith*, 2018-Ohio-3875, ¶7 (10th Dist.), *citing State v. Miller*, 2010-Ohio-5705, ¶12. However, Crim.R. 43(A)(1) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence[.]" Consequently, a substantive discrepancy between the sentence announced at a sentencing hearing and the sentence reflected in a sentencing entry requires a new hearing. *State v. Liddy*, 2022-Ohio-4282, ¶65 (11th Dist.).

**ANALYSIS**

**{¶11}** The appellant argues that the trial court must hold a de novo sentencing hearing if there is a substantive discrepancy between the judgment entry and the sentence imposed by the trial court at the sentencing hearing. We disagree.

**{¶12}** The appellant relies on two cases: *State v. Liddy*, 2022-Ohio-4282 (11th Dist.) and *State v. Stutes*, 2023-Ohio-4582 (4th Dist.).

**{¶13}** In *Liddy*, the trial court found at the sentencing hearing that the defendant was entitled to 425 days of jail-time credit. *Liddy* at ¶66. However, the sentencing entry did not include any jail-time credit. *Id*. The trial court also failed to hold a corrective sentencing hearing. The Eleventh District Court of Appeals found this to be a substantive difference requiring a new sentencing hearing. *Id*.

**{¶14}** In *Stutes*, the Fourth District Court of Appeals similarly found a substantive discrepancy between the sentence announced at the sentencing hearing and the sentence reflected in the sentencing entry. *Stutes* at ¶39. Again, the trial court did not hold a corrective sentencing hearing. The Fourth District Court of Appeals remanded the case for a new sentencing hearing.

**{¶15}** In the case sub judice, unlike in *Liddy* and *Stutes*, the trial court did hold a second sentencing hearing to correct a mistake made at the original sentencing hearing. The trial court informed the parties that it had inadvertently stated at the sentencing hearing that one of the counts of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(C)(1)(c) had a twelve-month sentence, rather than the intended twenty-four-month sentence. The aggregate sentence of seventy-two months remained unchanged.

The trial court corrected the sentence and allowed both parties the opportunity to address the court. The appellant did not object to or argue the sentence at that time.

{¶16} Furthermore, the appellant has not supported his contention that a second hearing held to correct a misstatement must be a de novo hearing with citations to legal authority. Accordingly, we find the trial court did not err when it held a sentencing hearing to correct a discrepancy between the sentence imposed on an individual charge at the original sentencing hearing and the sentence reflected in the sentencing entry. The trial court corrected the sentence and provided the appellant with an opportunity to be heard.

{¶17} The appellant's sole assignment of error is overruled.

## CONCLUSION

{¶18} Based upon the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is hereby affirmed.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.