[Cite as *State v. Hale*, 2024-Ohio-2056.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
|---|---|
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2023-0059 |
| SHAWN HALE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. CR2023-0020


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 29, 2024


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

RONALD L. WELCH    APRIL F. CAMPBELL
PROSECUTING ATTORNEY    CAMPBELL LAW, LLC
JOSEPH A. PALMER    545 Metro Place
ASSISTANT PROSECUTOR    Suite 100
27 North Fifth Street    Dublin, Ohio  43017
Zanesville, Ohio  43701

*Wise, J.*

**{¶1}** Defendant-Appellant Shawn Hale appeals his sentence entered in the Muskingum County Court of Common Pleas, following a jury trial.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts leading to this appeal are as follows:

**{¶4}** In October, 2022, Appellant Shawn Hale was on post-release control due to a Perry County first-degree felony conviction for an offense of engaging in a pattern of corrupt activity wherein Appellant received a five-year prison sentence with five years of post-release control. (See Perry County Case No. 13CR49).

**{¶5}** Appellant's post-release control officer from the Department of Rehabilitation and Correction was Doug Nutter. Officer Nutter first met Appellant at Appellant's house in Muskingum County. (T. at 110). Initially, Appellant did well on post-release control. However, in October, 2022, Officer Nutter discovered that Appellant had violated his post-release control by contacting his ex-wife, which was one of the conditions of post-release control. (T. at 111). Nutter called Appellant, and when Appellant called him back he told him to report to him the next day, and that he would be arrested and jailed for a violation of his post-release control. *Id.* Appellant failed to report as required. *Id.*

**{¶6}** As Appellant was on supervision for a first-degree felony, he was indicted in Muskingum County on one count of Escape, in violation of R.C. 2921.34(A)(3), a fourth-degree felony.

**{¶7}** Appellant entered a plea of not guilty and requested a jury trial.

**{¶8}**    At trial, the jury heard testimony from one witness, Officer Doug Nutter. Appellant stipulated that he was on post-release control for a first-degree felony. (T. at 95). Officer Nutter explained to the jury that Appellant was required to report to him on October 27, 2022, but failed to do so. Nutter explained that he made Appellant aware of this report date, because he called Appellant, and Appellant said he would show up. The State also introduced text messages between Officer Nutter and Appellant, in which Appellant essentially explained what was causing him to delay reporting to Officer Nutter, before he ultimately failed to appear. (T. at 111-118).

**{¶9}**    Counsel for Appellant argued during trial that the State should not have indicted Appellant for escape because Appellant had already served prison time for this post-release control violation. (T. at 127).

**{¶10}**  Appellant made a motion for acquittal under Crim.R. 29, which was denied by the trial court. (T. at 135).

**{¶11}**  The verdict forms asked the jury to determine if Appellant committed the offense of Escape and also asked the jury to make the additional finding that Appellant was on post-release control for a first-degree felony, which elevated the offense to a fourth-degree felony.

**{¶12}**  Following deliberations, the jury found Appellant guilty of Escape. The jury also found that Appellant was on post-release control for a first-degree felony at the time.

**{¶13}**  At sentencing, counsel for Appellant asked for the nine-month sentence that the State had originally offered prior to going to trial. The State deferred to the trial court. The trial court imposed a twelve-month prison term. It also imposed the remaining time of Appellant's post-release control, explaining:

Well, the Court, of course, is aware of the circumstances of this case and I did take that into consideration. One of the things you've got to take into consideration, from the day you were indicted on this, the Court was trying to get you back here and get you to plea and have it run with the same time you were doing, but you refused to cooperate with your attorney or anybody else to get that done. Otherwise, you would have served the time at the same - both cases at the same time.

So it wasn't that nobody was ignoring you. It was just that you didn't allow it to happen. The Court is going to impose a twelve-month sentence on your conviction, which takes off six months of the possible sentence; but I'm going to also terminate your PRC, and I'll order that to be served consecutively by law to the time I just gave you.

(Sent. T. at 9).

**{¶14}** Appellant now appeals, raising the following error for review:

<u>**ASSIGNMENT OF ERROR**</u>

**{¶15}** "I. HALE'S SENTENCE SHOULD BE REVERSED BECAUSE HIS SENTENCE WAS CONTRARY TO LAW:  BECAUSE THE RECORD DEMONSTRATES THAT THE TRIAL COURT SENTENCED HALE MORE HARSHLY FOR EXERCISING HIS RIGHT TO TRIAL, THIS CAUSE SHOULD BE REVERSED."

**I.**

**{¶16}** In his sole Assignment of Error, Appellant claims the trial court imposed a harsher sentence in retaliation for his exercising his right to a trial by jury, and that his sentence is therefore contrary to law. We disagree.

**{¶17}** Under R.C. §2953.08(G)(2), this Court may either increase, reduce, modify, or vacate a sentence and remand for resentencing if we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

**{¶18}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶19}** Appellant herein was convicted of one count of Escape, pursuant to R.C. §2921.34(A)(3), which provides in relevant part:

(A)(3) No person, knowing the person is under supervised release detention or being reckless in that regard, shall purposely break or attempt to break the supervised release detention or purposely fail to return to the supervised release detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

\*\*\*

(3) If the offender violates division (A)(3) of this section, except as otherwise provided in this division, escape is a felony of the fifth degree. If the offender violates division (A)(3) of this section and if, at the time of the commission of the offense, the most serious offense for which the offender was under supervised release detention was aggravated murder, murder, any other offense for which a sentence of life imprisonment was imposed, or a felony of the first or second degree, escape is a felony of the fourth degree.

\*\*\*

(D) As used in this section, "supervised release detention" means detention that is supervision of a person by an employee of the department of rehabilitation and correction while the person is on any type of release from a state correctional institution, other than transitional control under section 2967.26 of the Revised Code or placement in a community-based correctional facility by the parole board under section 2967.28 of the Revised Code.

R.C. §2921.34

**{¶20}** The trial court herein sentenced Appellant to 12 months. The permissible statutory range for fourth-degree felonies is six (6) to eighteen (18) months. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶21}** Appellant herein argues that his sentence is contrary to law because it was longer than that offered to him in the plea deal.

**{¶22}** "[A] defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement * * *." *State v. O'Dell*, 45 Ohio St.3d 140, 543 N.E.2d 1220 (1989), paragraph two of the syllabus; *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ("[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort"). The Ohio Supreme Court has explained that "[t]here is no question * * * that a sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law."  *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 8. It held that, where a defendant rejects a plea bargain and is sentenced to a harsher term: "[t]he burden is on the defendant to show the judge acted vindictively. And an appellate court may reverse a sentence for vindictiveness only if, upon its examination of the entire record, it clearly and convincingly finds that the sentence was based on actual vindictiveness." *Id.* at ¶ 3.

**{¶23}** "[T]here is no presumption of vindictiveness when, after trial, a court sentences a defendant to a longer term than was offered by the state in plea negotiations." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, ¶ 33. "To determine whether there is evidence of actual vindictiveness, we must "review the entire record – the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing[.]" *Id.* at ¶ 19. In *Rahab,* the court found that a presumption of vindictiveness was not warranted because, among other things, after a trial a court has more information upon which to base a sentence than does a court imposing a sentence

reached during plea negotiations. *Id.* at ¶ 16. It further found that a defendant who accepts a plea bargain may receive a less harsh sentence because the defendant has accepted responsibility and because, in return for the various benefits that the state receives from a plea bargain, such as foregoing the risk that the defendant will be found not guilty at trial and avoiding the burden of trying the case, the defendant is offered certain sentencing considerations, such as receiving a more lenient sentence. *Id.* at ¶ 17.

{¶24} The Supreme Court of Ohio concluded that "there is not a reasonable likelihood that a sentence that is harsher than the one offered during plea negotiations is the product of actual vindictiveness." *Id.* at ¶ 16, citing *Alabama v. Smith*, 490 U.S. 794, 799 (1989). The Supreme Court reasoned that "[a] trial court that sentences a defendant following a jury trial - in a case in which there has not been a previous jury trial - has more information upon which to base its sentencing decision than does the court that imposes an agreed sentence arising out of plea negotiations." *Rahab* at ¶ 16. The Supreme Court of Ohio further recognized that the United States Supreme Court made it clear in *Smith*, "[that] there are legitimate reasons a defendant who rejects a plea may end up receiving a harsher sentence. Acceptance of responsibility is an appropriate sentencing consideration." *Rahab* at ¶ 17.

> Moreover, a plea bargain is, after all, a bargain. In the bargain, the prosecutor achieves certain benefits: a forgoing of the risk that the defendant will be found not guilty, relief from the burden of trying the case and a concomitant ability to devote prosecutorial resources to other cases, and limitations on the defendant's right to appeal an agreed sentence. In return, the prosecutor is able to offer the defendant certain sentencing

considerations. Both sides exchange risk about the outcome for an enhanced degree of certainty. For the bargain to be worth anything to the defendant (at least in most cases), the defendant must have a reasonable probability of receiving a more lenient sentence than he would following trial and conviction.

(Internal citations omitted.) *Id.* at ¶ 17.

**{¶25}** Here, before trial, the State offered Appellant a recommended term of incarceration of nine months in exchange for pleading guilty. Following the jury trial, Appellant was found guilty on the charge of Escape. At sentencing, the State made no recommendation. The trial court proceeded to sentence Appellant to twelve months on the Escape charge.

**{¶26}** Initially, we note the trial court was not bound to accept the recommended sentence. *See, e.g., State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28 (the court is not bound by a jointly-recommended sentence). *State v. Williams*, 7th Dist. Mahoning No. 20 MA 0041, 2021-Ohio-4643, ¶ 11, citing *e.g., State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28 (the court is not bound by a jointly-recommended sentence).

**{¶27}** Further, upon review, the record as a whole does not show Appellant's sentence resulted from actual vindictiveness on the part of the trial court. *Rahab, supra,* at ¶ 19. The trial court's statement to Appellant: "[t]he Court was trying to get you back here and get you to plea and have it run with the same time you were doing, you refused to cooperate. So it wasn't that nobody was ignoring you. It was just you did not allow it to

happen" does not demonstrate vindictiveness but instead provides an explanation that Appellant's sentence resulted from Appellant's own actions. (Sent. T. at 9).

**{¶28}** Appellant bears the burden of demonstrating that the harsher sentence resulted from the vindictiveness of the trial court. Because the record does not clearly and convincingly support a finding that the trial court acted with actual vindictiveness when imposing a sentence that was harsher than the sentence offered during plea negotiations, we find that Appellant has not met his burden.

**{¶29}** Accordingly, Appellant's sentence is not contrary to law. *Id.,* citing R.C. §2953.08(G)(2); *Marcum, supra,* at ¶ 1.

**{¶30}** Appellant's sole assignment of error is overruled.

**{¶31}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

King, J., concur.

JWW/kw 0524