[Cite as *State v. Hamilton*, 2024-Ohio-4504.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-00054 |
| | : | |
| THOMAS HAMILTON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 13, 2024

. . . . . . . . . . .

RICHARD L. KAPLAN, Attorney for Appellant

JAMES D. BENNETT, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Thomas Hamilton appeals from a judgment of the Darke County Court of Common Pleas, which found that he had violated the terms of his community control and ordered him to successfully complete the MonDay Program and then continue his

previously-ordered community control. For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} On March 23, 2023, Hamilton was indicted on one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A)/(C)(1)(a). When the indictment was filed, Hamilton was on community control supervision for another case (Darke C.P. No. 22-CR-141). Hamilton was personally served with the indictment while meeting with his probation officer. At his arraignment on the new charge, Hamilton was informed of alleged violations of his community control sanctions, all of which involved his continued drug use and/or failure to submit to a urine screen.

{¶ 3} On August 2, 2023, Hamilton pled guilty to aggravated possession of drugs, a fifth-degree felony. The court proceeded immediately to sentencing, during which it imposed community control sanctions, as jointly recommended by the parties. A written judgment entry was filed the following day. Hamilton did not appeal from the judgment of conviction.

{¶ 4} Approximately two months later, on October 2, 2023, Hamilton apparently received a written notice from his probation officer of alleged violations of his community control, and he was ordered to appear in court the following day for an initial appearance. The notice alleged that Hamilton had failed to abstain from illegal drug use by testing positive for methamphetamine and amphetamine on July 26, July 31, August 7, September 13, and September 20, 2023. It also alleged that he had failed to comply with treatment by being discharged from Recovery and Wellness for "continued drug use

through-out treatment" and "inappropriate comments to staff." At the October 3 initial appearance, the court informed Hamilton of the allegations and his rights, appointed counsel for him, and scheduled a probable cause hearing for October 19, 2023. The court told Hamilton that the allegations may also be violations of his intervention in lieu of conviction in Case No. 22-CR-141, which another judge would address.

{¶ 5} At the October 19 hearing, Hamilton admitted to all the allegations except the allegation that he had made inappropriate comments to staff. The trial court found that Hamilton had violated the terms of his community control. As for disposition, the State recommended that Hamilton be continued on community control with the additional requirements that he complete the MonDay Program and that he be incarcerated until accepted for treatment. Defense counsel requested a three-month program in Portsmouth.

{¶ 6} The trial court gave Hamilton the option of either (1) 90 days in jail followed by continued community control sanctions or (2) a week in jail followed by the MonDay Program (as soon as he qualified) and then continued community control sanctions as previously ordered. Hamilton elected the second option but asked for time to get his affairs in order before reporting to jail. The court granted that request. Hamilton was ordered to report to jail no later than 1:00 p.m. on October 20, 2023. The court further ordered Hamilton to attend and successfully complete the MonDay Program and then to continue with his community control sanctions upon his release. Hamilton was transported to the MonDay Community Correctional Institution on October 30, 2023.

{¶ 7} Hamilton appeals from the trial court's judgment. We note that the record

contains a transcript of a December 14, 2023 hearing involving allegations that Hamilton failed to successfully complete the MonDay Program; that transcript is not pertinent to this appeal.

## II. Analysis

{¶ 8} In his sole assignment of error, Hamilton claims that his guilty plea to aggravated possession of drugs was not made knowingly, intelligently, and voluntarily. He argues that "there was no recitation of facts upon which the Court could base a conviction." Hamilton's appellate counsel acknowledges that he could find no Ohio case law requiring a recitation of facts for a felony plea. However, he asks that we revisit the law on this issue. The State responds that the trial court complied with Crim.R. 11(C) during the plea hearing and that "[t]here is nothing presented here that would necessitate a review or reversal of settled law."

{¶ 9} Res judicata bars Hamilton's argument. It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 2006-Ohio-1245, ¶ 17; *State v. Shah*, 2023-Ohio-2328, ¶ 12 (2d Dist.). Under this doctrine, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised *or could have been raised by the defendant* . . . on an appeal from that judgment." (Emphasis added.) *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *State v. Moody*, 2024-Ohio-864, ¶ 15 (2d Dist.).

**{¶ 10}** In this case, Hamilton did not file a direct appeal from his August 3, 2023 judgment of conviction and there is nothing in the record to suggest that he intended this appeal to be a delayed direct appeal. To the contrary, the criminal docket statement identifies the October 19, 2023 judgment as the judgment on appeal. Hamilton cannot challenge the validity of his guilty plea in an appeal from the judgment imposing sentence on violations of his community control sanctions. *E.g.*, *State v. Cooper*, 2019-Ohio-3919, ¶ 22 (2d Dist.) ("Res judicata bars Cooper from raising an issue on appeal from the revocation of his community control sanctions which could have and should have been raised on direct appeal from the judgment of conviction in which community control was first imposed."); *State v. Turner*, 2017-Ohio-4101, ¶ 8 (2d Dist.).

**{¶ 11}** Hamilton's assignment of error is overruled.

### III. Conclusion

**{¶ 12}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.