[Cite as *State v. Williams*, 2025-Ohio-461.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                              :

    Plaintiff-Appellee,                          :

                                    No. 114210

    v.                                                      :

CLARENCE I. WILLIAMS, III,                                 :

    Defendant-Appellant.                          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679917-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrea Isabella, Assistant Prosecuting Attorney, *for appellee.*

Clarence I. Williams, III, *pro* se.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Clarence I. Williams, III ("Williams") appeals the trial court's finding that he violated the terms of his community-control sanctions. After a thorough review of the record and law, this court affirms.

# I. Factual and Procedural History

{¶ 2} In August 2023, Williams, pursuant to a plea agreement, pled guilty to attempted having weapons while under disability with forfeiture specifications. He received a sentence of 18 months of community-control supervision. At the time this matter occurred, Williams was already serving community-control sanctions in another case, Cuyahoga C.P. No. CR-22-675221-A.

{¶ 3} In February 2024, the court held a community-control sanctions violation hearing. Williams and his counsel, as well as his probation officer, appeared for the hearing. Williams's probation officer detailed that Williams tested positive for marijuana on January 22, 2024, and February 5, 2024. She informed the court that

> [h]e has a medical marijuana card; however, we know that it's not allowed. He has been given warnings for testing positive. He was asked today if he was tested today if he would test positive today as well. He just feels that he doesn't need treatment and that he really feels that his marijuana usage is helping him cope with his medication conditions, and he wanted to discuss that with the Court, Your Honor. Thank you.

(Tr. 4.)

{¶ 4} Williams's counsel countered:

> I've discussed this with my client and he's going to admit the violation. He has in fact tested positive for marijuana twice. Likely still positive today.

> Before the Court took the bench my client and I reviewed several documents on his MyChart kind of outlining the extent of the medical issues he has and numerous medications he's on.

The conversation we had, Judge, was that although he may have permission or a recommendation for the use of medical marijuana, there are likely some questions that we didn't have the answers to; namely, I don't know if the Court would, A, accept that recommendation as marijuana still is regulated, whether or not it would be allowable to use said marijuana on your community control . . . .

(Tr. 5-6.)

{¶ 5} The court interjected, noting that "[t]hat's already been explained to him and the answer is no." (Tr. 6.) The court found Williams in violation of community control and imposed a prison sentence.

{¶ 6} In July 2024, Williams filed a motion for leave to file a delayed appeal from the journal entry finding him in violation of community control, which this court granted. Williams assigned one error[1] for our review:

Appellant under R.C. § 3796.22 was [a] qualifying individual who was improperly sentenced and maliciously prosecuted for testing positive for smoking medical marijuana which was legally prescribed for him under R.C. § 3796.06.

## II. Law and Analysis

{¶ 7} Initially, we note that to the extent Williams challenges the actual conditions of his community-control sanctions, such argument is barred by res judicata because Williams did not directly appeal his sentence when the community-

---

[1] Williams filed two reply briefs after the State filed its appellee brief. These reply briefs appear to raise new assignments of error. However, Williams cannot add new assignments of error in his reply brief without leave. *See* App.R. 16 and *In re Z.M.*, 2023-Ohio-1815, ¶ 17 ("However, the purpose of a reply brief is solely to rebut arguments raised in the appellee's brief and may not be used to raise new issues or assignments of error not raised in the primary brief. *Cleveland v. Dancy*, 2019-Ohio-2433, ¶ 36 (8th Dist.), citing *Young v. Kaufman*, 2017-Ohio-9015, ¶ 44 (8th Dist.).").

control conditions were imposed. *State v. Hamilton,* 2024-Ohio-4504, ¶ 10 (2d Dist.). Moreover, we note that Williams received his medical marijuana card after he was sentenced.

{¶ 8} In his brief, Williams generally argues that he is a valid holder of a medical marijuana prescription and argues that the General Assembly, in R.C. 3796.22, specifically provides that "[a] registered patient shall not be subject to arrest or criminal prosecution for doing any of the following in accordance with this chapter . . . ." We interpret this to mean that Williams is contesting the revocation of his community control and imposition of a prison sentence.

{¶ 9} Once a violation of community control is proven or admitted, we review the decision to impose a portion of the suspended sentence for an abuse of discretion. *Cleveland v. ProTerra, Inc.*, 2021-Ohio-1086, ¶ 50 (8th Dist.).

{¶ 10} The issue with Williams's argument, however, is that community-control-revocation proceedings "are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, *not the specific conduct that led to the revocation.*" (Emphasis added.) *State v. Black*, 2011-Ohio-1273, ¶ 17 (2d Dist.) Therefore, Williams was not arrested or prosecuted based on his use of marijuana; it was instead the fact that he had violated his community-control conditions by testing positive for marijuana. We cannot find, then, that the trial court abused its discretion in finding Williams in violation of his community-control sanctions,

especially since Williams was aware that using marijuana, even medical marijuana, was forbidden under the terms of his community-control sanctions.

{¶ 11} Accordingly, the trial court did not err in finding Williams in violation of his community-control sanctions and revoking community control.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR