[Cite as *State v. Lescody*, 2026-Ohio-2026.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MORGAN COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25AP0003 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Morgan County Court of Common Pleas, Case No. 23CR0048 |
| THEODORE LEWIS LESCODY, | Judgment:  Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 28, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** No Appearance, for Plaintiff-Appellee; THEODORE LEWIS LESCODY, Pro se, Defendant-Appellant.

*Montgomery, J.*

{¶1} Defendant-Appellant, Theodore Lescody ("Appellant") appeals the judgment from the Morgan County Court of Common Pleas revoking his community control and imposing a 13-month prison term.  For the reasons below, we AFFIRM.

## STATEMENT OF FACTS AND CASE

{¶2} Appellant was originally indicted by a Morgan County grand jury on one count of trespass in a habitation where a person is present or likely to be present, in violation of R.C. 2911.12(B), a felony of the fourth degree.  Appellant pled guilty.  On July 31, 2024, the court sentenced Appellant to 5 years of community control, with standard conditions, and 480 hours of community service.  At the initial sentencing

hearing, the court informed Appellant that if he violated the terms of community control, he would return to court for imposition of a prison term of up 18 months.

{¶3} Appellant initially reported to his probation officer as required, but in January 2025, he failed to report for the entire month. Appellant's probation officer attempted to contact him multiple times, even driving to his listed address, but with no success. In February 2025, local officers received reports regarding Appellant in the area and demonstrating odd behavior, likely indicating drug use. Two specific incidents included: (1) making threats to his niece and her property, and (2) standing in the niece's neighbor's backyard one day. On February 25, 2025, Appellant's probation officer located Appellant and arrested him without incident. Appellant refused any drug tests.

{¶4} On or about March 10, 2025, the Morgan County Prosecutor's Office filed a motion to revoke community control for failing to report, failing to follow specific directions related to travel, and making threats to family members. On May 27, 2025, the court ordered Appellant to return to community control with supervision and ordered that he complete a residential treatment program. Appellant's probation officer told him that under no circumstances was he to enter Morgan County without contacting his probation officer first.

{¶5} On July 13, 2025, Appellant again violated his community control. That day, Appellant appeared at his niece's residence on her front porch, the same niece to whom Appellant made prior threats. The niece had a Ring doorbell that captured him on video at her residence. Appellant later admitted to his probation officer that he went to the residence but did nothing else wrong. Appellant was again arrested. On July 28, 2025, the Prosecutor's Office filed the present motion to revoke Appellant's community control.

**{¶6}** After a probable cause hearing, Appellant appeared via Zoom for the violation hearing. At the outset, Appellant and his counsel admitted to the violation and waived a full hearing. The trial court advised Appellant that by admitting the violation, he faced a prison term of up to 18 months. Appellant understood. The court further explained that if Appellant completed the residential treatment program, the court would consider that fact favorably.

**{¶7}** On November 18, 2025, the resentencing hearing took place and Appellant appeared with counsel. Appellant called Brandon Penix as a witness, a peer support specialist from Appellant's treatment program. Penix stated he takes the guys to the gym, provides transportation, takes individuals to doctor's appointments, and "things like that." *Sent. Tr.*, at p. 9. Penix is not Appellant's counselor; all of Appellant's assignments for the program run through his specific counselor. Penix stated that Appellant had grown significantly during his time at the treatment center but still had areas to address. Penix testified that there had been complaints about Appellant from his counselor, "stuff about honesty and manipulation, but as far as me personally, I haven't experienced that." *Sent. Tr.*, at 9-10.

**{¶8}** A report from the treatment program indicated that Appellant was indeed actively participating through attendance and participation. However, the report also stated that Appellant was not progressing toward certain program treatment goals. The report cited several concerns, including using profanity, taking a medication without prior approval, and attempting to warn another resident who was about to be discovered in possession of a contraband cellular phone.

**{¶9}** The State requested that the court impose a prison term. The State argued that Appellant was being manipulative, did not take his treatment seriously, and did only

the bare minimum in treatment to appease the court. Appellant argued in support of community control and an opportunity to complete the treatment program. Appellant addressed the court at length. Appellant stated that he took the treatment program seriously, underwent daily urine screenings, and never failed a test.

{¶10} After hearing the testimony, arguments, and Appellant's allocution, the trial court imposed a 13-month prison sentence (less than the 18-month maximum) and granted 229 days credit for time served. The trial court stated the principles of sentencing and the required sentencing findings, including that the community control was not required for trespass in a habitation, a fourth-degree felony, because Appellant has a prior felony conviction and a prior misdemeanor offense of violence. *Sent. Tr.*, at 21-22. The trial court reiterated these findings in its sentencing Judgment Entry. Appellant filed a timely appeal. The State did not submit a Brief in response.

## TWO ASSIGNMENTS OF ERROR

{¶11} "I. THE APPELLANT'S SENTENCE IS CONTRARY TO LAW BECAUSE IT WAS BASED ON IMPERMISSIBLE CONSIDERATIONS."

{¶12} "II. THE TRIAL COURT ERRED BY DEPARTING FROM THE SENTENCING EXPECTATIONS IT PREVIOUSLY ARTICULATED AT THE VIOLATION HEARING AFTER THE APPELLANT REASONABLY RELIED ON AND COMPLIED WITH THOSE EXPECTATIONS."

## LAW AND ANALYSIS

{¶13} Appellant's two assignments of error are interrelated and will be addressed together. Appellant claims that in sentencing him, the trial court considered impermissible factors including: (1) the underlying criminal conduct leading to the violation; (2) the court's frustration with the length of Lescody's allocution, and (3) trivial matters stemming from Lescody's conduct while attending treatment. According to

Appellant, the record reflects that the trial court's sentencing rationale extended beyond the admitted violation itself, which is impermissible. We disagree.

### *Revocation of Community Control was Proper*

{¶14} The right to continue on community control depends upon compliance with the stated conditions and is a matter resting within the sound discretion of the court. *State v. Cunningham*, 2015-Ohio-2554, ¶ 10 (2d Dist.). "A revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *See e.g. Cunningham*, ¶ 12; *State v. Pinks,* 2020-Ohio-537, ¶ 12 (3d Dist.), *State v. Williams,* 2025-Ohio-461, ¶ 10 (8th Dist.), *State v. Watson,* 2024-Ohio-504, ¶ 24 (11th Dist.), *State v. Sullivan,* 2025-Ohio-4987, ¶ 13 (12th Dist.). Importantly, any violation of community control sanctions may properly be used to revoke the privilege. *State v. Graham*, 2022-Ohio-1770, ¶ 39 (5th Dist.); *Jones*, ¶ 19; *State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist. 1990) ("Probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege.")

{¶15} Once a court finds a violation of the terms of community control, an appellate court reviews the trial court's decision to revoke a defendant's community control for an abuse of discretion. *Graham*, ¶ 39; *State v. Shuman*, 2010-Ohio-3957, ¶ 27 (5th Dist.). Abuse of discretion implies more than an error in judgment; it is an attitude that is unreasonable, arbitrary, or unconscionable. *Id.*; *State v. Stricklett*, 2025-Ohio-1247, ¶ 7 (4th Dist.), citing *State v. Mehl*, 2022-Ohio-1154, ¶ 7 (4th Dist.) (The proper standard when reviewing decisions revoking community control is an abuse of discretion).

**{¶16}** As stated, Appellant admitted to the present violation of community control – traveling to Morgan County without permission and going to his niece's residence, the niece to whom he made prior threats. The present violation was not his first. As set forth above, Appellant previously failed to report, failed to follow specific directions related to travel, and made threats to family members. After those said violations, Appellant was given another chance, remained under supervision, and was ordered to complete a residential treatment program. Unfortunately, although Appellant was making progress in the program, Appellant still exhibited unfavorable behavior. The trial court gave Appellant the benefit of the doubt more than once. Thus, there is nothing to demonstrate that the trial court's revocation of community control was an arbitrary, unconscionable, or unreasonable decision under the facts of this case.

**{¶17}** Upon revoking community control, the trial court may: (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. R.C. 2929.15(B). Here, the trial court determined a 13-month prison term was necessary.

### *Imposition of a 13-month prison term is not contrary to law*

**{¶18}** After revocation of community control, the subsequent resentencing imposed involves a separate standard of review. *State v. Wiggers*, 2026-Ohio-1410, ¶ 51 (4th Dist.). "Once a court determines that community control should be revoked and a prison term imposed, the trial court's sentencing decision is reviewed under the standard

set forth in R.C. 2953.08(G)(2)." *Stricklett*, ¶ 8, citing *Mehl*, ¶ 15; *State v. Marcum*, 2016-Ohio-1002, ¶ 10.

{¶19} As such, this Court's review is whether the entire record clearly and convincingly demonstrates that the sentence is contrary to law. A sentence is contrary to law when it is imposed in a manner inconsistent with the purposes and principles of felony sentencing set forth in R.C. 2929.11 or when it is based on considerations not authorized by R.C. 2929.12. Generally, trial courts may generally impose a prison sentence within the statutory range. *State v. Foster,* 2006-Ohio-856, ¶ 100. Where a sentencing court properly considers the purposes and principles of felony sentencing and the applicable statutory factors, a sentence imposed within the authorized range is presumptively valid. *State v. Hale,* 2024-Ohio-2056, ¶ 20 (5th Dist.).

{¶20} Appellant claims that in imposing sentence, the trial court expressly criticized him for the manner of his allocution and that such frustration is not an appropriate consideration under the sentencing statutes. Appellant further claims that the court departed from prior sentencing "expectations." However, after a review of the record in its entirety, including the transcript of the resentencing hearing and the sentencing judgment entry, we conclude that the trial court's imposition of a 13-month prison sentence was entirely proper and is <u>not</u> contrary to law.

{¶21} Importantly, when Appellant violated his community control for the second time, the court gave him a chance to complete the residential treatment program. At that time, the court clearly informed Appellant that he could receive up to 18 months in prison. Appellant understood. Months later at the resentencing, the court noted several factors. Regarding completion of the treatment program, the court referenced the program's report and that Appellant's peers "expressed that he is very rude and cusses everyone at

the house." *Id*., at 22. Although the trial court commended Appellant for being "clean" while at the treatment center, the court noted: (1) Appellant had two community control violations within six months, (2) Appellant was not compliant with the treatment center's medication rules, (3) Appellant had trouble following the rules at the treatment center, (4) Appellant had trouble getting along with his peers, and (5) Appellant appeared to do only the bare minimum. *Id*., at 23. The court noted that the most recent violation involved Appellant going to the victim's residence – the same victim to whom Appellant made prior threats. In support of the prison term, the court stated:

> I'm still dealing with his violation of community control, and he has violated his community control two times in the past six months. That is, in my opinion, the most important thing. And in fact, one of those violations had him going to the home of the person who created his original violation.
>
> So the court's going to find that he is not amenable to community control. He's had two community control violations in the past calendar year, and then he was - - just five days ago, he was placed on a loss of privileges at - - by Cardinal Treatment Center for his angry outbursts and not following the medication rules.
>
> I commend you, Mr. Lescody, for - - for - - for dealing with your substance abuse disorder. But sir, that's only part of the issue here. I'm just going to be blunt with you. You know, you mentioned you're 61. * * * And I think I made the comment [at a prior hearing] you should have aged out of all this, and the problem is getting clean - - you don't get a star for getting clean. That's what you're expected to do.

But the problem is your attitude. And may say you're not manipulative, but you - - you are. All right? You attempted to manipulate me during these hearings by your comments. You just rambled on for like fifteen minutes when you could have said it all in like three minutes.

And whether you knew it or not, in my opinion, you just keep looking for the magic word to get -- get your way. And well, what you actually did was you said the magic words to not get your way.

You - - five days before this hearing, you're - - you're getting yourself in trouble with the people that are most likely to be in your corner which shows to me you haven't grown up.

*Sent. Tr.*, at 23-25.

**{¶22}** Although the court commented on the length of Appellant's allocution, stating that Appellant "should have been able to keep [his] mouth shut," it is quite clear the trial court considered the appropriate sentencing principles and factors aside from Appellant's lengthy allocution. *Id.*, at 25. The court stated the principles of sentencing and sentencing findings, including that community control was not required for trespass in a habitation, a fourth-degree felony, because Appellant had a prior felony conviction and a prior misdemeanor offense of violence. *Sent. Tr.*, at 21-22. The court reiterated these findings in its sentencing Judgment Entry.

**{¶23}** The record clearly demonstrates the trial court in fact believed Appellant was trying to manipulate the court. The court's frustration was with his manipulation, not the allocution itself. Considering the record in its entirety, Appellant's violations of community control, the fact that the court warned Appellant that an 18-month prison term could be imposed, and the court's consideration of the sentencing principles and

factors, there is significant evidence to support the imposition of the prison term. Thus, the entire record *does not* clearly and convincingly demonstrate that the sentence is contrary to law. Accordingly, **Appellant's first and second assignments of error are overruled in their entirety.**

## CONCLUSION

{¶24} Appellant's first and second assignments of error are overruled in their entirety. For the reasons stated in our accompanying Opinion, the judgment of the Morgan County Court of Common Pleas is Affirmed.

{¶25} Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.